JOHN WENTZ and wife v. W. J. BLACK.

Where both plaintiff and defendant on a trial resort to incompetent evidence, neither party objecting at the time of its introduction, objection to the same evidence will not be allowed when offered again upon the examination of another witness in a subsequent part of the trial.

CIVIL ACTION, tried before SCHENCK, J., and a Jury, at Spring Term, 1876, of MECKLENBURG Superior Court.

The action was instituted to recover upon a promissory note, alleged to have been executed by W. H. H. Houston & Co. as principal and W. J. Black as surety.

The defendant filed a sworn answer, denying the execution of the note. The defendant, Black, was sworn as a wit-

ness in his own behalf, and testified that he did not execute the note nor authorize any one to do so in his behalf; that the letter " k " was different in this signature from that in his genuine signature.

Upon cross-examination, counsel for the plaintiff exhibited to the defendant his signature to the verification of his answer, and signatures to other notes admitted to be genuine, and asked him to point out the difference between the signatures. This the witness did. The notes and signatures were not put in evidence before the jury.

The defendant's counsel in reply exhibited to the defendant two other notes admitted to be genuine, and asked him if they did not correspond with his description of the genuine signature, and he replied that they did. This evidence was admitted without objection on the part of the defendant.

Albert Elliott was introduced by the defendant, and testified that he had been bookkeeper for the defendant, and did not think the signature of Black was genuine, on account of a difference in the making of the letter " k." The defendant's counsel also exhibited to the witness the same two genuine signatures on other notes which had been exhibited to Black, and asked him if they did correspond. The witness replied that they did not. Upon cross-examination, the plaintiffs' counsel, in reply to the evidence as to the signatures exhibited on the two notes shown to the witness by the defendant's counsel, offered to exhibit to the witness the signature to the answer, and the notes exhibited to Black upon his examination, and to ask the witness if they did not correspond with the signature to the note in controversy.

The counsel for the defendant objected. The objection was overruled upon the ground that both parties had resorted to the same kind of testimony before without ob-

jection, and this was in reply to the defendant's examination. The defendant excepted.

The witness then testified, that he did not think they corresponded with the one in controversy, and pointed to the difference in the letter " k." The counsel for the defendant then asked the witness if Houston, the principal, was not an expert in forging Black's signature. After objection by the plaintiff, the witness replied that he did not know. Defendant's counsel then proposed to ask the witness if Houston was not an expert in forging other people's names generally. The plaintiff objected, the objection was sustained, and the defendant excepted.

There was a verdict for the plaintiff. Rule for a new trial. Rule discharged. Defendant appealed.

*Shipp & Bailey,* and *Dowd* and *Montgomery,* fo lla .
*Vance, Burwell, Battle & Mordecai,* contra.

PEARSON, C. J. We see no error in the ruling of his Honor, and affirm the judgment for the reasons given by him. The witness, Elliott, had his opinion, not on the general character of Black's handwriting, but on a difference in the letter " k " from his usual signature. After the defendant's counsel had fortified his witness by exhibiting to him two genuine signatures, it surely was only fair play to permit the plaintiff's counsel to attack him by exhibiting to the witness other signatures of Black, admitted to be genuine, either to make him change his opinion or to weaken his confidence in it, so that from his manner th ury coud see that his opinion was not to be relied on. This was fair, and there is no rule of evidence to the contrary.

No erro

PER CURIAM. Judgment affirmed.